**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHELBY BYRD,<br><br>          Petitioner-Appellant,<br><br>v.<br><br>ERIC ARNOLD, Acting Warden,<br><br>          Respondent-Appellee. | No. 11-16366<br><br>D.C. No. 2:10-cv-01871-MCE<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted March 8, 2017[**]

Before:     LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Shelby Byrd appeals pro se from the district court's judgment denying his 28

U.S.C. § 2254 habeas petition challenging a 2009 decision by the Board of Parole

Hearings denying parole and deferring his next parole hearing for three years in

accordance with California Penal Code § 3041.5 ("Marsy's Law").  We dismiss.

---

          [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

          [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

This court issued a certificate of appealability ("COA") on whether application of Marsy's Law to delay Byrd's next parole hearing for three years violates the Ex Post Facto Clause, and whether Byrd's membership in a class action precludes his individual litigation of this claim in habeas. We vacate the COA as improvidently granted and dismiss this appeal for lack of jurisdiction. *See Nettles v. Grounds*, 830 F.3d 922, 934-35 (9th Cir. 2016) (en banc) (holding that claims fall outside "the core of habeas corpus" if success will not necessarily lead to immediate or earlier release from confinement), *cert. denied*, 580 U.S. __ (U.S. Jan. 19, 2017) (No. 16-6556); *Phelps v. Alameda*, 366 F.3d 722, 727-28, 730 (9th Cir. 2004) (merits panel has the power to rule on the propriety of a COA).

The dismissal of this appeal does not preclude Byrd from pursuing conditions of confinement claims in a properly filed civil rights action under 42 U.S.C. § 1983.

**DISMISSED.**

11-16366